10 CV 5417

JUDGE BATTS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



RECEIVED JUL 15 2010 U.S.D.C. S.D.N.Y. CASHIERS

| | |
|---|---|
| DAVID BYUN, <br><br> Plaintiff, <br><br> v. <br><br> NAMIE AMURO, AVEX GROUP HOLDINGS, INC., AVEX TRAX, AVEX ENTERTAINMENT, INC., AVEX MARKETING, INC., VISION FACTORY CO., LTD., AMI, TBWA\HAKUHODO, AMANA INC., BLAUGRANA CO., LTD., MONSTER ULTRA INC., and SHOJI UCHIDA, <br><br> Defendants. | **COMPLAINT FOR DECLARATORY, MONETARY AND INJUNCTIVE RELIEF** <br><br> **JURY TRIAL DEMANDED** <br><br> Docket No. 10 Civ.   ( )( ) |

DAVID BYUN ("Byun" or "Plaintiff"), by and through his undersigned attorneys, THOMPSON HINE LLP, as and for his Complaint against Namie Amuro, Avex Group Holdings, Inc., Avex Trax, Avex Entertainment, Inc., Avex Marketing, Inc., Vision Factory Co., Ltd., AMI, TBWA\HAKUHODO, Amana Inc., Blaugrana Co., Ltd., Monster Ultra Inc., and Shoji Uchida (collectively "Defendants"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action seeking monetary damages as well as temporary, preliminary and permanent injunctive relief for copyright infringement under the United States Copyright Act, 17 U.S.C. § 501 *et seq.*; trade dress infringement and unfair competition under Section 43(a)

1

of the Lanham Act, 15 U.S.C. § 1125(a); deceptive acts and practices under N. Y. Gen. Bus. Law §§ 349-350; and unfair competition and unjust enrichment under the common law of New York.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under the United States Copyright Act, 17 U.S.C. § 501 *et seq.* and under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This court has supplemental jurisdiction over the claims that arise out of the common law of the State of New York pursuant to 28 U.S.C. § 1367(a).

3. In addition, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of New York, Defendants are either citizens of Japan or corporations incorporated in Japan with their principal places of business in Japan, and the amount in controversy exceeds $75,000 exclusive of interest, costs and fees.

4. The Court has personal jurisdiction over Defendants because Defendants engaged in wrongful acts within, and caused direct injury within, this District, which gives rise to Plaintiff's claims.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## THE PARTIES

6. Byun is a citizen of the State of New York with a residence located at 30 East 9th Street, Apartment 4ii, New York, New York 10003. Byun is a successful professional photographer who designs and creates fashion and other photography for domestic and international clients. Byun's work has appeared in fashion and other magazines worldwide.

2

7. Upon information and belief, Namie Amuro ("Amuro") is a popular Japanese musical performer and a citizen of Japan. Upon information and belief, Amuro resides in Japan.

8. Upon information and belief, Avex Group Holdings, Inc. ("AGHD") is a Japanese company with its principal place of business located at 3-1-30, Minami-Aoyama, Minato-ku, Tokyo, 107-8577, Japan.

9. Upon information and belief, Avex Trax is a Japanese company with its principal place of business located at 3-1-30, Minami-Aoyama, Minato-ku, Tokyo, 107-8577, Japan.

10. Upon information and belief, Avex Entertainment, Inc. ("Avex Entertainment") is a Japanese company with its principal place of business located at 3-1-30, Minami-Aoyama, Minato-ku, Tokyo, 107-8577, Japan.

11. Upon information and belief, Avex Marketing, Inc. ("Avex Marketing", and together with AGHD, Avex Trax, and Avex Entertainment collectively as "Avex") is a Japanese company with its principal place of business located at 3-1-30, Minami-Aoyama, Minato-ku, Tokyo, 107-8577, Japan.

12. Upon information and belief, Vision Factory Co., Ltd. ("Vision Factory") is a Japanese company with its principal place of business located at 3-3-13, Kitaaoyama, Minato-ku, Tokyo, 107-0061, Japan.

13. Upon information and belief, AMI is a Japanese company with its principal place of business in Japan.

14. Upon information and belief, TBWA\HAKUHODO is a Japanese company with its principal place of business located at 1-13-10, Shibaura, Minato-ku, Tokyo, 105-0023, Japan.

15. Upon information and belief, Amana Inc. ("Amana") is a Japanese company with its principal place of business located at 2-2-43, Higashishinagawa, Shinagawa-ku, Tokyo, 140-0002, Japan.

16. Upon information and belief, Blaugranan Co., Ltd. is a Japanese company with its principal place of business in Japan.

17. Upon information and belief, Monster Ultra, Inc. ("Monster") is a Japanese company with its principal place of business located at 4-2-14, Roppongi, Minato-ku, Tokyo, 106-0032, Japan.

18. Upon information and belief, Shoji Uchida is a photographer and citizen of Japan with his principal place of business located at 1F Shibuya Masa House, 11-21 Sarugakucho, Shibuya-ku, Tokyo, 150-0033, Japan.

## BACKGROUND

19. In or around February 2009, Byun designed and created a distinctive photographic image (the "Byun Image"), depicting a woman ripping a photograph of her own face in half as she stares directly at the camera through the tear in the partially ripped photograph. A copy of the Byun Image is attached as Exhibit A.

20. The Byun Image was first published on or about February 19, 2009. In or around February 2009, the Byun Image was published in the women's fashion magazine "W Korea" and on the "W Korea" website. The Byun Image also was posted on Byun's website and on several fashion blog websites.

4

21. Upon information and belief, "W Korea" magazine is widely available in South Korea and available at select book stores in Japan, and the "W Korea" website is accessible to Internet users worldwide.

22. Upon information and believe, distinctiveness of the Byun Image identified Byun as the source of the photographic images.

23. On or about December 18, 2009, the Byun Image was registered with the United States Copyright Office under registration number VA 1-696-660.

24. On or about December 16, 2009, Amuro, Avex and the Vision Factory released a music record album entitled "Past<Future" (the "Album"). The Album was released in both Compact Disc ("CD") and CD/Digital Video Disc ("DVD") forms, with the DVD containing music videos from the Album.

25. The CD cover and inserts, CD/DVD cover and inserts, and Album promotional materials contain images of Amuro ripping a photograph of her own face in half, as she stares directly at the camera through the tear in the partially ripped photograph (the "Album Images"). The CD cover image and the CD/DVD cover image are virtually identical, the only difference being that the images are at slightly different stages of the ripping process. A copy of the CD cover and insert is attached as Exhibit B. A copy of the CD/DVD cover and insert is attached as Exhibit C. Copies of promotional materials for the Album from the Avex and the Vision Factory websites are attached as Exhibit D.

26. The Album Images are substantially similar to the Byun Image.

27. The Album Images are the same expression of the idea depicted in the Byun Image.

5

28. The below picture is a copy of the CD/DVD cover (on the right) next to the Byun Image (on the left). The Byun Image has been cropped to fit this pleading.



29. The Byun Image and the CD/DVD cover are substantially similar in that:

   a. Both depict a woman holding and appearing to tear a photograph of their own face, the photograph held immediately in front of the woman's face, such that the woman looks intently through the torn halves of photograph being ripped and directly at the camera;

   b. Both photographs being ripped are held such that the photographs completely cover the left side of the women's faces and reveal the right side of their faces;

   c. Both photographs are ripped approximately three quarters of the way through;

   d. Both photographs being ripped have a thick white border;

   e. Both women look directly at the camera, and therefore the viewer of the photograph, with similar, intense facial expressions;

6

    f. Both women pose with heads tilted slightly down, such that there are chins lowered and the women look up slightly at the camera;

    g. Both women have nearly identical hair styling with a part on the left side of their heads, a soft wave on the top of their heads, and curls on the bottom;

    h. Both women have nearly identical makeup with heavy, dark eye makeup and bold, red lipstick; and

    i. Both images have nearly identical lighting, where the light comes from the upper left side of the photograph with backlighting highlighting the women's hair.

30. The substantial similarities listed in paragraph 29 of this Complaint are some, but not all, of the substantial similarities between the Byun Image and the Album Images.

31. Upon information and belief, Shoji Uchida was the photographer who took the pictures for the Album Images and created the visual content of the Album.

32. Upon information and belief, Monster is a Japanese video production company that was the producer for the photography for the Album.

33. Upon information and belief, Blaugrana designed the artwork for the Album.

34. Upon information and belief, Amana is a Japanese visual design and production company that conducted the photo operation for the visual content of the Album.

35. Upon information and belief, TBWA\HAKUHODO is a Japanese advertising and marketing company that was the creative art director and graphic designer for the visual content of the Album.

36. Upon information and belief, AMI promoted sales of the Album.

37. Upon information and belief, Vision Factory is a Japanese talent agency that represents Amuro as her manager and promoter, and promotes the Album and Amuro including displaying the Album Images on its website.

38. Upon information and belief, Avex Marketing is a Japanese music CD and DVD manufacturer and distributor that manufactured and distributed the Album CDs and DVDs.

39. Upon information and belief, Avex Entertainment is a Japanese Music producer that produced the Album.

40. Upon information and belief, Avex Trax is the Album's record label that developed, marketed, and promoted the Album and Amuro.  Upon information and belief, Avex Trax continues to market and promote the Album and Amuro

41. Upon information and belief, AGHD is the parent company for Avex Trax, Avex Entertainment, and Avex Marketing, and produced, manufactured, marketed, promoted, distributed, and sold the Album.  Upon information and belief, AGHD continues to manufacture, market, promote, distribute, and sell the Album.

42. Upon information and belief, each of Defendants knew that the Album, in both CD and DVD form, would contain the Album Images, and each Defendant expected and/or intended that the Album would be promoted, distributed and sold worldwide, including in New York.

43. Upon information and belief, each of Defendants has benefitted financially and otherwise from the promotion, distribution and sale of the Album containing the Album Images.

44. On or about December 16, 2009, counsel for Byun sent a "Cease and Desist Letter" to Amuro, Avex and the Vision Factory notifying them that the Album Images were a flagrant infringement of the copyrights of Byun.  The December 16, 2009 letter, demanded that

Defendants cease infringing Byun's rights and notified Defendants that any future activities will conclusively be deemed willful infringement.

45. On or about December 24, 2009, counsel for Avex acknowledged receipt of the December 16, 2009 letter, in writing.

46. Defendants did not cease infringing Byun's rights and continued to manufacture, market, promote, distribute, and sell the Album.

47. The Album CD and CD/DVD is currently being sold in stores in New York City.

48. The Album CD and CD/DVD can be purchased anywhere in the United States through the Internet.

## COUNT I
### (Copyright Infringement, 17 U.S.C. § 501)

49. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 48 as if set forth at length herein.

50. The Byun Image is protected under the United States Copyright Act, 17 U.S.C. § 501 *et seq*, and Plaintiff has a valid, registered copyright in the Byun Image.

51. Upon information and belief, Defendants had access to and copied elements of the Byun Image to create the Album Images, which are substantially similar to the copyright protected Byun Image.

52. Defendants intentionally infringed Plaintiff's copyright in the Byun Image by copying, displaying, distributing, and creating derivative works from the Album Images on CD cover and inserts, the CD/DVD cover and inserts and Album promotional materials containing

the Album Image, which incorporate elements substantially similar to and derived from the copyrightable matter in the Byun Image, without Plaintiff's consent or authorization.

53. Defendants have infringed Plaintiff's copyright in the Byun Image in violation of 17 U.S.C. § 501 *et seq*.

54. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

55. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

56. Each of the aforesaid acts of Defendants directly and proximately has caused and, without judicial intervention, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law and monetary damages in an amount to be determined by the trier of fact at trial.

## COUNT II
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

57. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 as if set forth at length herein.

58. The Byun Image is used in commerce, non-functional, inherently distinctive, and has acquired secondary meaning in the marketplace.

59. Upon information and belief, Defendants, without authorization from Plaintiff, have designed, manufactured, advertised, promoted, distributed, sold and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold and/or offered for sale, CDs, CD/DVDs and Album promotional materials which contain Album Images

that are confusingly similar to the Byun Image, including but not limited to, the Album Images having the same 'look and feel' of the Byun Image.

60. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public or the trade who recognize and associate the Byun Image with Byun. Moreover, Defendants' conduct is likely to cause confusion, mistake, or to deceive consumers, the public or the trade as to the source of the Album Images, or as to a possible affiliation, connection or association between Plaintiff, the Defendants and the Album Images.

61. Upon information and belief, Defendants have acted with knowledge of Plaintiff's ownership of the Byun Image and with deliberate intent or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

62. Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled to in law or equity.

64. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

65. Each of the aforesaid acts of Defendants directly and proximately has caused and, without judicial intervention, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law and monetary damages in an amount to be determined by the trier of fact at trial.

## COUNT III
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

66. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 65 as if set forth at length herein.

67. Defendants' promotion, advertising, distribution, sale and/or offering for sale of the CDs, CD/DVDs and Album promotional materials that contain the Album Images is intended or is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Album Images, or is intended, or is likely to cause such parties to believe in error that the Album Images have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff.

68. The foregoing acts of Defendants constitute false designation of origin or false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled to in law or equity.

70. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

71. Each of the aforesaid acts of Defendants directly and proximately has caused and, without judicial intervention, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law and monetary damages in an amount to be determined by the trier of fact at trial.

12

## COUNT IV
### (Deceptive act and Practices, N.Y. Gen. Bus. Law § 349)

72. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 71 as if set forth at length herein.

73. Defendants' promotion, advertising, distribution, sale and/or offering for sale of the CDs, CD/DVDs and Album promotional materials that contain the Album Images is intended or is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Album Images, or is intended, or is likely to cause such parties to believe in error that the Album Images have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff.

74. The foregoing acts of Defendants constitute deceptive acts or practices in the conduct of business, trade or commerce, all in violation of N.Y. Gen. Bus. Law § 349.

75. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled to in law or equity.

76. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

77. Each of the aforesaid acts of Defendants directly and proximately has caused and, without judicial intervention, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law and monetary damages in an amount to be determined by the trier of fact at trial.

## COUNT V
### (Unfair Competition under New York Common Law)

78. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 77 as if set forth at length herein.

79. Defendants' misappropriation of Byun's Image is likely to cause confusion or to deceive purchasers as to the origin of the Album Images, which constitutes unfair competition under the common law of New York.

80. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled to in law or equity.

81. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

82. Defendants' acts were committed in bad faith and have damaged and will continue to damage Plaintiff.

83. Defendants are liable to Plaintiff for all damages, whether direct or indirect, for the misappropriation, which damages are subject to trebling.

84. Each of the aforesaid acts of Defendants directly and proximately has caused and, without judicial intervention, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law and monetary damages in an amount to be determined by the trier of fact at trial.

## COUNT VI
### (Trade Dress Infringement under New York Common law)

85. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 84 as if set forth at length herein.

86. The Byun Image is used in commerce, non-functional, inherently distinctive, and has acquired secondary meaning in the marketplace.

87. Upon information and belief, Defendants, without authorization from Plaintiff, have designed, manufactured, advertised, promoted, distributed, sold and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold and/or offered for sale, CDs, CD/DVDs and Album promotional materials which contain Album Images that are confusingly similar to the Byun Image, including but not limited to, the Album Images having the same 'look and feel' of the Byun Image.

88. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public or the trade who recognize and associate the Byun Image with Byun. Moreover, Defendants' conduct is likely to cause confusion, mistake, or to deceive consumers, the public or the trade as to the source of the Album Images, or as to a possible affiliation, connection or association between Plaintiff, the Defendants and the Album Images.

89. Upon information and belief, Defendants have acted with knowledge of Plaintiff's ownership of the Byun Image and with deliberate intent or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

90. Defendants' acts constitute trade dress infringement in violation of New York Common Law.

91. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled to in law or equity.

92. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

93. Each of the aforesaid acts of Defendants directly and proximately has caused and, without judicial intervention, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law and monetary damages in an amount to be determined by the trier of fact at trial.

## COUNT VII
### (Unjust Enrichment under New York Common Law)

94. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 93 as if set forth at length herein.

95. The acts complained of above constitute Defendants' unjust enrichment at Plaintiff's expense, in violation of the common law of the State of New York.

96. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled to in law or equity.

97. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

98. Defendants' acts were committed in bad faith and have damaged and will continue to damage Plaintiff.

99. Defendants are liable to Plaintiff for all damages, whether direct or indirect, for the misappropriation, which damages are subject to trebling.

100. Each of the aforesaid acts of Defendants directly and proximately has caused and, without judicial intervention, will continue to cause Plaintiff irreparable harm for which there is

no adequate remedy at law and monetary damages in an amount to be determined by the trier of fact at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Byun respectfully prays that:

1) The Court enter judgment declaring that Defendants have: (i) violated Section 501 of the Copyright Act of 1976, 17 U.S.C. § 501; (ii) violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) violated Section 349 of the New York General Business Law, N.Y. Gen. Bus Law § 349 (iv) engaged in unfair competition in violation of New York common law; (v) engaged in trade dress infringement in violation of New York common law; and (vi) been unjustly enriched in violation of New York common law;

2) The Court enter a judgment preliminarily and permanently enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, successors and assigns, and all persons in concert or participation with it, from:

   (i) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, and/or selling all CDs, CD/DVDs or Album promotional materials which bear an image confusingly similar to the Byun Image, including, without limitation, the Album Images, and engaging in any other activity constituting an infringement of any of Plaintiff's rights in the Byun Image; and

   (ii) engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or the trade, including, without limitation, the use of images confusingly similar to the Byun Image, including, without limitation, the Album Images;

3) The Court enter a judgment requiring Defendants to deliver to Plaintiff for destruction or other disposition all remaining inventory of all CDs, CD/DVDs, CD or CD/DVD jackets, or Album promotional materials that contain the Album Images and to remove advertisements or marketing materials incorporating the Album Images from the Internet;

4) The Court enter a judgment requiring Defendants to file with this Court and to serve on Plaintiff within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5) The Court enter a judgment directing such other and further relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any CDs, CD/DVDs, CD or CD/DVD jackets, or Album promotional materials containing the Album Images at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, and/or sold by Defendants has been authorized by Plaintiff, or is related in any way with Plaintiff and/or the Byun Image;

6) The Court enter a judgment ordering Defendants to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' acts as described above, including, without limitation, (i) Defendants' profits, (ii) Plaintiff's lost profits, (iii) Plaintiff's costs and expenses of this action, including attorneys fees, (iv) statutory damages for all infringements of Plaintiff's copyrighted Byun Image pursuant to Section 17 U.S.C. § 504(c), (v) multiple damages in the amount of three times the damages sustained by Plaintiff pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117 and N. Y. Gen. Bus. Law §§ 349(h), and (vi) other enhanced or

punitive damages as are necessary and as deemed appropriate by this Court based on the deliberate and willful acts of Defendants; and

    7) The Court grant Plaintiff such other relief as this Court deems just, proper, and equitable.

Dated: New York, New York
       July 14, 2010

                THOMPSON HINE LLP

                *[signature]*

                Richard De Palma (RD 2818)
                Michael D. Hoenig (MH 0813)

                335 Madison Avenue 12th Floor
                New York, New York 10017-4611
                212.344.5680
                212.344.6101 (Facsimile)

                *Attorneys for Plaintiff David Byun*

## JURY DEMAND

Plaintiff hereby demands trial by Jury on all claims, issues and defenses herein.

THOMPSON HINE LLP

_____
Richard De Palma (RD 2818)
Michael D. Hoenig (MH 0813)

335 Madison Avenue 12th Floor
New York, New York 10017-4611
212.344.5680
212.344.6101 (Facsimile)

*Attorneys for Plaintiff David Byun*

189567.5