Edward H. Rosenthal
Marisa Sarig
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 9th Floor
New York, NY 10022
(212) 980-0120

*Attorneys for Defendants Namie Amuro, Avex Group
Holdings Inc., Avex Entertainment Inc., Avex Marketing
Inc., Vision Factory Co., Ltd., TBWA\Hakuhodo, Amana,
Inc., Blaugrana Co., Ltd., Monster Ultra Inc., and Shoji Uchida*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

DAVID BYUN,

                Plaintiff,

                v.                              10 CV 5417 (DAB)

NAMIE AMURO, AVEX GROUP HOLDINGS
INC., AVEX TRAX, AVEX ENTERTAINMENT
INC., AVEX MARKETING INC., VISION
FACTORY CO., LTD., AMI,
TBWA\HAKUHODO, AMANA, INC.,
BLAUGRANA CO., LTD., MONSTER ULTRA,
INC., and SHOJI UCHIDA,

                Defendants.
------------------------------------------------------------ X

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

Page

STATEMENT OF FACTS ............................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I. This Court Does Not Have Personal Jurisdiction Over Any of the Defendants............... 2

    II. The Complaint Fails To State Any Claims On Which Relief May Be Granted ............ 6

        A.      Copyright Infringement Claim (Count I) .................................................................. 6

        B.      Lanham Act Claims (Counts II & III) ....................................................................... 7

        C.      New York State Claims (Counts IV, V, VI & VII) .................................................. 8

    III. This Case Should Be Dismissed On The Grounds Of Forum Non Conveniens........... 8

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Ashcroft v. Iqbal*,
   129 S. Ct 1937 (2009) ............................................................................................... 8

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
   902 F.2d 194 (2d Cir. 1990) ..................................................................................... 3

*Bensusan Rest. Corp. v. King*,
   126 F.3d 25 (2d Cir. 1997) ....................................................................................... 4

*Blakeman v The Walt Disney Co.*,
   613 F. Supp. 2d 288 (E.D.N.Y. 2009) ...................................................................... 6

*Capitol Records, Inc. v. Kuang Dyi Co. of RM*,
   No. 03 Civ. 0520 (LAP), 2004 WL 405961 (S.D.N.Y. Mar. 4, 2004) ...................... 4

*Cartier v. Seah LLC*,
   598 F. Supp. 2d 422 (S.D.N.Y. 2009) ...................................................................... 4

*City of Monroe Employees Retirement Sys. v. Bridgestone Corp.*,
   399 F.3d 651 (6th Cir. 2005) .................................................................................... 7

*Colour & Design v. U.S. Vinyl Mfg. Corp.*,
   No. 04-CV-8332 (MBM), 2005 WL 1337864 (S.D.N.Y. June 3, 2005) .................. 5

*Dastar Corporation v. Twentieth Century Fox Film Corporation*,
   539 U.S. 23 (2003) .................................................................................................... 8

*Editorial Musical Latino Americana, S.A. v. MAR Int'l Records, Inc.*,
   829 F. Supp. 62 (S.D.N.Y. 1993) ............................................................................. 4

*Fuji Photo Film Co., Inc. v Shinohara Shoji Kabushiki Kaisha*,
   754 F.2d 591 (5th Cir. 1985) .................................................................................. 10

*Fulst v. Thompson*,
   No. 2:09-CV-725, 2009 WL 4153222 (S.D. Ohio Nov. 20, 2009) ........................... 8

*Hearst Corp. v. Goldberger*,
   No. 96 Civ. 3620, 1997 WL 97097 (S.D.N.Y. Feb. 26, 1997) .................................. 3

*ISI Brands, Inc. v. KCC Int'l, Inc.*,
   458 F. Supp. 2d 81 (E.D.N.Y. 2006) .................................................................................. 3

*J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*,
   515 F. Supp. 2d 1258 (M.D. Fla. 2007) ......................................................................... 10, 11

*José Armando Bermudez & Co. v. Bermudez International*,
   No. 99 Civ. 9346(AGS), 2000 WL 1225792 (S.D.N.Y. Aug. 29, 2000) .................................. 10

*Kline v. Mtg. Elec. Registration Sys., Inc.*,
   No. 3:08CV408, 2010 WL 1267809 (S.D. Ohio Mar. 30, 2010) ............................................. 8

*Kulas v. Adachi*,
   96 CIV. 6674 (MBM), 1997 WL 256957 (S.D.N.Y. May 16, 1997) ....................................... 3

*Litecubes, LLC v. Northern Light Products, Inc.*,
   523 F.3d 1353 (Fed. Cir. 2008) ............................................................................................ 7

*Nova Wines, Inc. v. Adler Fels Winery LLC*,
   467 F. Supp. 2d 965, 978 (N.D. Cal. 2006) ........................................................................... 8

*Overseas Media, Inc., v. Skvortsov*,
   277 F. App'x 92 (2d Cir. 2008) ........................................................................................... 10

*Palmer v. Braun*,
   376 F.3d 1254 (11th Cir. 2004) ............................................................................................ 7

*Pearson Educ., Inc. v. Textbook Discounters*,
   No. 10 Civ. 324(WHP), 2010 WL 3528866 (S.D.N.Y. Aug. 20, 2010) ............................... 5, 6

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ............................................................................................................. 9

*Rogers v Petróleo Brasileiro, S.A.*,
   741 F. Supp. 2d 492 (S.D.N.Y. 2010) ................................................................................. 10

*SEC v. Sierra Brokerage Servs., Inc.*,
   608 F. Supp. 2d 923 (S.D. Ohio 2009) ................................................................................. 8

*Stephan v. Babysport, LLC*,
   499 F. Supp. 2d 279 (E.D.N.Y. 2007) .................................................................................. 4

*Tri-Coastal Design Group, Inc. v. Merestone Merchandise, Inc.*,
   No. 05 Civ. 10633(HB), 2006 WL 1167864 (S.D.N.Y. May 3, 2006) ............................ 4, 5, 7

## STATE CASES

*Farahmand v. Dalhousie Univ.*,
   30 Misc. 3d 1210(A), 2011 WL 103539 (N.Y. Sup. Ct. 2011) ...................................................... 5

*Kreutter v. McFadden Oil Corp.*,
   71 N.Y.2d 460 (1988) ........................................................................................................................ 5

*Penguin Group (USA) Inc. v. American Buddha*,
   --- N.E.2d ----, 2011 WL 1044581 (N.Y. March 24, 2011) ............................................................ 6

## STATUTES

N.Y. Gen. Bus. Law § 360 ............................................................................................................................ 9

Defendants Namie Amuro, Avex Group Holdings Inc., Avex Entertainment Inc., Avex Marketing Inc., Vision Factory Co., Ltd., TBWA\Hakuhodo, Amana, Inc., Blaugrana Co., Ltd., Monster Ultra Inc., and Shoji Uchida (collectively, "Defendants") submit this Reply Memorandum in Further Support of their Motion to Dismiss the Complaint.

By asserting copyright and a variety of other federal and state claims against ten Japanese defendants based on the alleged acts of unrelated third parties in the United States, Plaintiff attempts to extend both the Court's jurisdiction and the relevant law far beyond their permissible reach. Defendants' Memorandum of Law In Support of their Motion to Dismiss the Complaint, dated December 17, 2010 ("Defendants' Brief") establishes that there is no personal jurisdiction over any Defendant, that the Complaint fails to state any claim upon which relief may be granted, and that this proceeding should be dismissed on the grounds of *forum non conveniens*. In its opposition brief, Plaintiff argues – without any factual support – that each Defendant caused the Album (and the allegedly infringing images) to be available for sale in New York, despite the sworn testimony of each Defendant that it either had no control over the sale of the Album or that it took action to prevent its availability in the United States. Plaintiff's failure to establish a connection between any Defendant and the alleged infringement in New York is fatal both to its claims and its bases of jurisdiction. Moreover, to the extent that Plaintiff has any claim -- which Defendants' deny -- this is a case that should be tried in Japan, where virtually every witness (other than Plaintiff) and document is located. Accordingly, this action should be dismissed in its entirety.

## STATEMENT OF FACTS

The relevant facts and allegations are set forth in the Complaint as well as the declarations submitted in connection with Defendants' Brief.

# ARGUMENT

## I.
## This Court Does Not Have Personal Jurisdiction Over Any of the Defendants

Plaintiff has not satisfied any of the bases for long-arm jurisdiction under New York law nor has it met the requirements of Due Process, both of which require a meaningful connection between each Defendant's alleged acts and the state of New York. The only "connection" Plaintiff offers is that each Defendant expected or intended that the Album would be distributed worldwide, *see* Compl. at ¶ 42.[1] Plaintiff's Brief does not even address the basis of jurisdiction over the Defendants who submitted declarations to the effect that they had no control over the distribution of the Album. With respect to the Defendants who had some control over the Album's distribution, Plaintiff argues only that they distributed the Album, *see* Plaintiff's Brief at 6, without alleging to whom or where. In fact, these Defendants have offered specific testimonial evidence that they took steps to prevent such sales. *See, e.g., Kulas v. Adachi*, 96 CIV. 6674 (MBM), 1997 WL 256957, at *5 (S.D.N.Y. May 16, 1997) (dismissing, in part,

---

[1] Only contacts that exist at the time the complaint was filed may be considered for purposes of personal jurisdiction. *See Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 199 (2d Cir. 1990) (affirming the district court's analysis of jurisdictional factors present at the time the complaint was filed); *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81 (E.D.N.Y. 2006) ("[O]nly pre-litigation contacts are relevant to the jurisdictional question.") (citing *Hearst Corp. v. Goldberger*, No. 96 Civ. 3620, 1997 WL 97097, at *12 (S.D.N.Y. Feb. 26, 1997) (collecting cases)). Accordingly, the Court should disregard (i) the alleged purchase of the Album through a Japanese website on February 18, 2011, *see* Hoenig Decl. ¶¶ 5-8; (ii) the alleged availability of the Album at bookstores in San Francisco, Seattle, Beaverton, San Jose and Los Angeles on February 17, 2011, *see* Arias Decl. ¶¶ 2-6; and (iii) Byun's alleged purchase of the Album and poster of the Album cover through Amazon.com on March 8, 2011, *see* Byun Decl. ¶ 13, each of which took place after the complaint was filed on July 15, 2010. In any event, these purported contacts are irrelevant because, as set forth in Defendants' Brief and below, the sale of an Album to a distributor who ultimately sells the good in New York does not constitute "purposeful availment" sufficient to establish personal jurisdiction in New York.

because defendants' specific testimonial evidence refuted plaintiff's generalized allegations of jurisdiction).

Given that the Defendants either had no control over the Album's distribution or intentionally sought to avoid the U.S. market, Plaintiff cannot establish the "purposeful availment" required for long-arm jurisdiction. *See Tri-Coastal Design Group, Inc. v. Merestone Merchandise, Inc.*, No. 05 Civ. 10633(HB), 2006 WL 1167864, at *4 (S.D.N.Y. May 3, 2006) (plaintiff must allege purposeful availment of the benefits of New York laws, such as "a discernible effort to directly or indirectly serve the New York market") (citation omitted); *Stephan v. Babysport, LLC*, 499 F. Supp. 2d 279, 287 (E.D.N.Y. 2007) (noting that even the awareness that one's products will be distributed to New York is not sufficient). Nor would it be reasonable to infer that Defendants should have foreseen that the Album would be distributed here in contravention of its agreements.[2] *See also Capitol Records, Inc. v. Kuang Dyi Co. of RM*, No. 03 Civ. 0520 (LAP), 2004 WL 405961, at *2 (S.D.N.Y. Mar. 4, 2004) (supplier must have *knowledge* that infringing goods will be shipped to the U.S.).

The cases cited by Plaintiff for the proposition that a single sale is sufficient to establish jurisdiction are factually distinguishable on the grounds that, in those cases, the defendants had the requisite connection to the forum state. *See Cartier v. Seah LLC*, 598 F. Supp. 2d 422, 425-6 (S.D.N.Y. 2009) (jurisdiction based on sale by defendant to a New York resident coupled with advertising in national publication that was distributed on airline flights originating in New York); *Editorial Musical Latino Americana, S.A. v. MAR Int'l Records, Inc.*, 829 F. Supp. 62, 65 (S.D.N.Y. 1993) (jurisdiction based on inferred contract to supply the infringing goods into New

---

[2] Plaintiff does not dispute that CPLR § 302(a)(2) also requires an allegation of Defendants' physical presence in New York, which is absent here. *See, e.g., Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28-9 (2d Cir. 1997) (website did not establish physical presence in New York).

York based on parent-subsidiary relationship between manufacturer and exclusive U.S. distributor); *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 473 (1988) (jurisdiction based on nondomiciliary's agent's activities in New York); *Pearson Educ., Inc. v. Textbook Discounters*, No. 10 Civ. 324(WHP), 2010 WL 3528866, at *2 (S.D.N.Y. Aug. 20, 2010) (jurisdiction based on *defendant's* shipment of infringing items to New York); *Colour & Design v. U.S. Vinyl Mfg. Corp.*, No. 04-CV-8332 (MBM), 2005 WL 1337864, at *2 (S.D.N.Y. June 3, 2005) (personal jurisdiction based on *defendant's* shipment of infringing goods into the U.S. plus other contacts).

Here, where there is no allegation of activity by a defendant connected to activity in New York, there is no basis for long-arm jurisdiction. *See Farahmand v. Dalhousie Univ.*, 30 Misc. 3d 1210(A), 2011 WL 103539, at *3 (N.Y. Sup. Ct. 2011) ("Personal jurisdiction can be based upon a single transaction *by a defendant* in New York, so long as the *defendant's* activities here were purposeful and there is a substantial relationship between the transaction and the claims asserted.") (emphasis added). Plaintiff does not and cannot make any such allegation here. *See also Tri-Coastal Design Group, Inc.*, No. 05 Civ. 10633(HB), 2006 WL 1167864, at *6 (manufacturer's sale of products to distributor entirely outside of the country does not subject that manufacturer to a forum's jurisdiction if it receives no economic benefit from the forum sales and does not control where the distributor sells the goods.)

Even under CPLR § 302(a)(3)(ii), which permits jurisdiction over a non-domiciliary who commits a tortious act *outside* of New York (provided it causes injuries within the state), Plaintiff has not met its burden to show that any defendant expected or should reasonably have expected consequences in New York arising from such act. As Plaintiff correctly states, there must be evidence of a purposeful New York affiliation in order to satisfy the expectation requirement. Pl. Br. at 10. Plaintiff has not alleged – and cannot allege – facts showing that any Defendant entered into an agreement with a U.S. distributor to sell the Album or otherwise

attempted to serve the New York market. *Cf. Blakeman v The Walt Disney Co.*, 613 F. Supp. 2d 288, 302 (E.D.N.Y. 2009) (defendants had supplied the infringing work directly to those who distributed it in New York). Furthermore, CPLR § 302(a)(3)(ii) also requires allegations of a defendant's substantial revenue from interstate or international commerce. The Complaint contains no such allegations, and Plaintiff's Brief fails to cite any portion of the Complaint in support of its argument to the contrary.[3] No discovery into Defendants' revenue is required, however, because Plaintiff has otherwise failed to satisfy the other elements under CPLR § 302(a)(3)(ii).

For the same reasons, Due Process is not satisfied here because no Defendant made any attempt to serve (directly or indirectly) the forum market. In *Pearson Education, Inc. v. Textbook Discounters*, (cited by Plaintiff), the court found that the defendant had purposefully availed itself of the benefits of New York law by selling and sending the infringing materials directly to purchasers in New York. No. 10 Civ. 324(WHP), 2010 WL 3528866, at *2. By contrast, Plaintiff has alleged no connection between the Defendants and New York other than the unsupported allegation that they expected or intended the Album to be sold worldwide. *See* Compl. at ¶ 42. Plaintiff fails to allege any basis for this conclusion, whether with respect to the Defendants who have no control of the distribution of the Album or those who do that have taken steps to prevent its distribution in the United States.

Plaintiff's allegations are insufficient to make even a *prima facie* showing of personal jurisdiction, particularly in light of Defendants' direct sworn testimony to the contrary. *See Tri-*

---

[3] As stated in Defendants' Brief, the Court need not consider whether the situs of the alleged injury took place within New York because the other requirements of CPLR § 302(a)(3) have not been met. The recent New York Court of Appeals decision in *Penguin Group (USA) Inc. v. American Buddha*, --- N.E.2d ----, 2011 WL 1044581 (N.Y. March 24, 2011), is inapplicable on these facts for the reasons set forth in Defendants' March 31, 2011 letter to the Court.

*Coastal Design Group, Inc.*, No. 05 Civ. 10633(HB), 2006 WL 1167864, at *3 (dismissal is appropriate "if the plaintiff's allegations are neither factually based [nor] intuitively apparent, or if the defendant affirmatively disprove[s] the allegations.") (citations omitted).

## II.
## The Complaint Fails To State Any
## Claims On Which Relief May Be Granted

This Complaint also should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to allege facts sufficient to sustain *any* of the claims it pleads.

### A. Copyright Infringement Claim (Count I)

As Plaintiff concedes, the Copyright Act only applies if at least part of the infringing act occurs within the United States. *See* Pl. Br. at 15. Here, all of the acts allegedly taken by Defendants took place outside of the United States. The only alleged act of infringement that took place in the United States (*i.e.*, the alleged sale of the Album) bears no relationship to any of the Defendants. In each case relied upon by Plaintiff, the defendant had directly distributed the infringing products to a party in the United States. *See Litecubes, LLC v. Northern Light Products, Inc.*, 523 F.3d 1353, 1358 (Fed. Cir. 2008) (defendant sold and shipped the infringing products to U.S. customers); *Palmer v. Braun*, 376 F.3d 1254, 1257 (11th Cir. 2004) (same).

Nor is it reasonable to infer that any of the Defendants expected the Album to be for sale in New York. As discussed above, Defendants either had no control over the distribution of the Album or took steps to ensure that it would not be distributed in the United States. Even if the cases cited by Plaintiff were controlling – which they are not – they are inapposite because they do not consider the situation at bar, in which the Defendants' specific testimony renders the Complaint's supported legal conclusions implausible, at best. *See City of Monroe Employees Retirement Sys. v. Bridgestone Corp.*, 399 F.3d 651, 683 (6th Cir. 2005) (discussing the "strong inference" required to state a claim under the pleading standard established by Private Securities

Litigation Reform Act); *SEC v. Sierra Brokerage Servs., Inc.*, 608 F. Supp. 2d 923, 967 (S.D. Ohio 2009) (on a motion for summary judgment, proof of scienter may be inferred from circumstantial evidence); *Kline v. Mtg. Elec. Registration Sys., Inc.*, No. 3:08CV408, 2010 WL 1267809, at *3 (S.D. Ohio Mar. 30, 2010) ("But where the well-pleaded facts do not permit the court to infer *more than the mere possibility of misconduct*, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief.") (citing *Ashcroft v. Iqbal*, 129 S. Ct 1937, 1949-50 (2009)) (emphasis added); *Fulst v. Thompson*, No. 2:09-CV-725, 2009 WL 4153222, at *3 (S.D. Ohio Nov. 20, 2009) (same).

## B. Lanham Act Claims (Counts II & III)

Plaintiff also has failed to show that it has any claim under the Lanham Act. Plaintiff's Brief does not address the Supreme Court's decision in *Dastar Corporation v. Twentieth Century Fox Film Corporation*, 539 U.S. 23 (2003), which forecloses Plaintiff's argument that the Album Image somehow identifies Plaintiff as the source of the goods, nor does it address any other case cited by Defendants' Brief holding that a photograph is not a trade dress.[4] Even if its trademark claims were viable, Plaintiff does not dispute that the Lanham Act does not apply to Defendants' extraterritorial acts, if any, that would constitute infringement, and for the reasons set forth in Defendants' Brief and above, no acts of infringement by any Defendant within the United States have been alleged.

---

[4] The only case cited by Plaintiff in support of its Lanham Act claim, *Nova Wines, Inc. v. Adler Fels Winery LLC*, involves the use of a photograph in connection with a wine label to indicate the source of the wine, not the photographer. 467 F. Supp. 2d 965, 978 (N.D. Cal. 2006).

### C.   New York State Claims (Counts IV, V, VI & VII)

Plaintiff does not dispute that its New York state law claims for deceptive acts and practices, unfair competition and unjust enrichment are analyzed in the same manner as its Lanham Act claims – therefore they fail for the same reasons as do the Lanham Act claims. *See* Pl. Br. at 18-19. Notwithstanding the fact that the Complaint refers to Count VI as "trade dress infringement under New York common law," Plaintiff's Brief attempts to characterize this claim as "trade dress dilution", which is a claim under statutory law, *see* N.Y. Gen. Bus. Law § 360-l. In any event, a photograph is not trade dress. *See* Def. Br. at 16.

### III.
### This Case Should Be Dismissed On
### The Grounds Of *Forum Non Conveniens*

Even if this Court determines that it has jurisdiction over one or more of the Defendants and that Plaintiff has properly alleged one or more claims, this Court should dismiss this case under the doctrine of *forum non conveniens*. As conceded by Plaintiff, the deference accorded to a plaintiff's choice of forum is based on the presumption of convenience to the plaintiff, *see* Pl. Br. at 20, a factor deserving of little weight where the plaintiff, as here, works internationally and conducts business in Asia. Byun Decl. at ¶¶ 3, 5, 8. Moreover, "dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n.23 (1981).

Japan clearly is an adequate alternate forum: it permits litigation of copyright and trademark claims, and Defendants are subject to service of process there.[5] *See, e.g., Overseas Media, Inc., v. Skvortsov*, 277 F. App'x 92, 97 (2d Cir. 2008) (an alternative forum is adequate "if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute."). The rights and remedies need not be identical to those in the chosen forum. *Rogers v Petróleo Brasileiro, S.A.*, 741 F. Supp. 2d 492, 506 (S.D.N.Y. 2010). Japan permits the litigation of copyright and trademark causes of action. Naito Decl. at ¶¶ 3-5. *See also J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*, 515 F. Supp. 2d 1258, 1269 (M.D. Fla. 2007) (finding Japan to be an adequate alternative forum for, *inter alia*, claim of trademark infringement).

Finally, Defendants have shown that the private and public interest factors implicated here clearly weigh in favor of dismissal. The public interests clearly favor dismissal. Japanese courts are capable of hearing this dispute in an expeditious manner. Naito Decl. at ¶ 9. Contrary to Plaintiff's assertions, neither the U.S. nor its citizens have an interest in the outcome of a dispute involving Defendants with no relevant connection to this country.

The private interest factors also favor dismissal. Japan, the location of each Defendant's residence or place of business, provides the most efficient access to proof. No material witnesses

---

[5] The cases cited by Plaintiff do not compel a different result. In *José Armando Bermudez & Co. v. Bermudez International*, the court found that the plaintiff had no remedy in a foreign court because its claims were "primarily governed by U.S. trademark and copyright law and are based on infringing acts in the United States." No. 99 Civ. 9346(AGS), 2000 WL 1225792, at *4 (S.D.N.Y. Aug. 29, 2000). The court further questioned whether the proposed forum's law permitted the consideration of U.S. copyright or trademark claims. *Id.* Here, Plaintiff's U.S. intellectual property rights, to the extent that they exist, would be honored by a Japanese court. *See* Naito Decl. at ¶¶ 3-5. *Fuji Photo Film Co., Inc. v Shinohara Shoji Kabushiki Kaisha* is likewise unavailing. 754 F.2d 591, 600 (5th Cir. 1985). The issue of *forum non conveniens* was not before the Fifth Circuit Court of Appeals, which simply held that the trial court erred by admitting evidence of the parties' foreign trademark practice in determining a case of U.S. trademark infringement. *Id.* at 599-600.

or evidence are in New York other than Plaintiff himself, despite Plaintiff's surprising suggestion that, for some reason, he would need testimony from each of the eight assistants who helped him create his photograph. If the proceeding was to continue in this Court, both parties' access to evidence in Japan would be limited. Under Japanese law, the employees of a party cannot be forced to testify nor can documentary evidence be compelled for use in a foreign proceeding without resort to diplomatic process. Naito Decl. at ¶ 7; *see also J.C. Renfroe & Sons, Inc.*, 515 F. Supp. 2d at 1271. Moreover, even willing witnesses are subject to a cumbersome and expensive deposition process under Japanese law. Naito Decl. at ¶ 8; *see also J.C. Renfroe* 515 F. Supp. 2d at 1272 (detailing the process). The contention that Plaintiff's expenses will outweigh Defendants' defies common sense; the cost and inconvenience to ten Defendants plus other witnesses certainly outweighs those imposed upon one Plaintiff. On balance, the private and public interest factors weigh strongly in favor of dismissal.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss the Complaint be granted in its entirety.

Dated: New York, New York
April 13, 2011

By: _____
Edward H. Rosenthal
Marisa Sarig
FRANKFURT KURNIT KLEN & SELZ, P.C.
488 Madison Avenue, 9th Floor
New York, NY 10022
(212) 980-0120
erosenthal@fkks.com
msarig@fkks.com

*Attorneys for Defendants Namie Amuro, Avex Group Holdings Inc., Avex Entertainment Inc., Avex Marketing Inc., Vision Factory Co., Ltd., TBWA\Hakuhodo, Amana, Inc., Blaugrana Co., Ltd., Monster Ultra Inc., and Shoji Uchida*